IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



THOMAS L. BELCHER,

    Petitioner,

v.                                        Civil Action No. 3:10CV823

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Thomas L. Belcher, a Virginia inmate with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that the petition is barred by the one-year statute of limitations governing federal habeas petitions. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

Belcher pleaded guilty and was convicted in the Circuit Court for the County of Henrico ("Circuit Court") of two counts of attempted first-degree murder, use of a firearm in the commission of attempted murder, and armed burglary with intent to commit murder. On July 24, 2007, the Circuit Court entered its final judgment with respect to those convictions. Belcher did not pursue a direct appeal with respect to those convictions.

On July 16, 2009, Belcher, with counsel, filed a petition for a writ of habeas corpus with the Circuit Court. On December 23, 2009, the Circuit Court denied the petition. On January 25, 2010,

Belcher filed a notice of appeal with the Circuit Court. Notice of Appeal, Belcher v. Va. Dep't Corrs. Dillman, Warden, Civil No. CL09-1961 (Cir. Ct. filed Jan. 25, 2010). In that document, Belcher sought to appeal to the Court of Appeals of Virginia. Id. The notice of appeal was signed by Robert A. Ratliff, Esq., Belcher's out-of-state counsel, but not by Belcher's local counsel, Jennifer T. Stanton, Esq. Id.

On June 28, 2010, the Court of Appeals of Virginia dismissed the appeal for lack of jurisdiction. Belcher v. Va. Dep't Corr., No. 0137-10-2, at 2-3 (Va. Ct. App. June 28, 2010). The Court of Appeals of Virginia noted that it lacked jurisdiction over appeals from the denial of a petition for a writ of habeas corpus. Id. at 1-2 (citing Va. Code § 17.1-406(B)). Furthermore, the Court of Appeals of Virginia could not transfer the appeal to the Supreme Court of Virginia pursuant to section 8.01-677.1 of the Virginia Code because the notice of appeal was not "'otherwise properly and timely filed.'" Id. at 2 (quoting Va. Code § 8.01-677.1). Specifically, the Court of Appeals of Virginia found "that the notice of appeal signed only by Mr. Ratliff violated Rule 1A:4 and was invalid." Id. at 3 (citing Wellmore Coal Corp. v. Harman Mining Corp., 568 S.E.2d 671, 673 (Va. 2002)).[1]

---

[1] Rule 1A:4 provided, in pertinent part, "Any pleading or other paper required to be served (whether relating to discovery or otherwise) shall be invalid unless it is signed by local counsel." Va. Sup. Ct. R. 1A:4(2) (West 2010).

On November 9, 2010, Belcher filed his present § 2254 Petition with the Court. In his § 2254 Petition, Belcher contends that he is entitled to relief upon the following grounds:

 Claim One  Belcher did not receive the effective assistance of counsel because counsel failed to conduct an adequate pretrial investigation.

 Claim Two  Belcher did not receive effective assistance from counsel with respect to the decision to plead guilty.

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

Belcher's § 2254 Petition is subject to a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides that:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>  **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>  **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

3

### III. TIMELINESS OF BELCHER'S § 2254 PETITION

Belcher's conviction became final, as that term is defined in 28 U.S.C. § 2244(d)(1)(A), on Thursday, August 23, 2007, the last date to file a notice of appeal with respect to his criminal conviction. See O'Donnell v. Virginia, No. 3:08cv00018, 2008 WL 3166515, at *2 (E.D. Va. Aug. 5, 2008). Belcher had one year from that date, or until Monday, August 25, 2008, to file his § 2254 Petition. Belcher did not file any habeas petition by that date. Accordingly, the § 2254 Petition is barred by the statute of limitations.[2]

### III. THE SUSPENSION CLAUSE

Belcher does not the dispute the conclusion that he did not file his § 2254 Petition in the time required by 28 U.S.C. § 2244(d). Instead, Belcher contends that applying the statute of limitations to bar his § 2254 Petition violates the Suspension Clause of the United States Constitution.[3] He is incorrect. Every court of appeals to address the issue, including the United States Court of Appeals for the Fourth Circuit, "has held that [§ 2244(d)'s] one-year statute of limitations does not improperly

---

[2] Belcher does not argue that he is entitled to equitable tolling or a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D).

[3] "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. Art. I, § 9, cl. 2.

suspend the writ of habeas corpus." Hill v. Dailey, 557 F.3d 437, 438 (6th Cir. 2009) (citing Tucker v. Stine, 31 F. App'x 184, 185 (6th Cir. 2002); Saylor v. Mack, 27 F. App'x 321, 323 (6th Cir. 2001); Hirning v. Dooley, 209 F. App'x 614, 615 (8th Cir. 2006); Delaney v. Matesanz, 264 F.3d 7, 12 (1st Cir. 2001); Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1217-18 (11th Cir. 2000); Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 113 (2d Cir. 2000); Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000); Davis v. Bumgarner, No. 99-6791, 1999 WL 1032617, at *1 (4th Cir. Nov. 15, 1999); Miller v. Marr, 141 F.3d 976, 977-78 (10th Cir. 1998)).

Accordingly, Respondent's motion to dismiss (Docket No. 7) will be GRANTED. The § 2254 Petition will be DENIED and the action will be DISMISSED. The Court will deny a certificate of appealability.[4]

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). For the reasons stated above, Belcher has not satisfied this standard.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Belcher and counsel of record.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 31, 2011
Richmond, Virginia